[No. 15106-5-II.   Division Two.   February 4, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. PASCUAL
TZINTZUN-JIMENEZ, *Appellant*.

*John A. Hayes,* for appellant (appointed counsel for appeal).

*C.C. Bridgewater, Prosecuting Attorney,* for respondent.

GREEN, J.[*] — Pascual Tzintzun-Jimenez appeals his conviction for possession of cocaine, contending the evidence was unlawfully seized and should have been suppressed. We agree and reverse.

On March 23, 1991, a caller notified the Kelso Police Department that three men were drinking beer on Pacific Avenue in Kelso, Washington, and that one of the men had thrown a beer at her car. Kelso Police Officer Art Demarest was dispatched to the scene.

When he arrived, Demarest spotted three men, one of whom was carrying the remains of a half case of beer. The man carrying the beer ran when he saw the officer. Demarest caught him, determined he was underage, arrested him and placed him in the back of the patrol car.

Demarest then proceeded to question the defendant and his companion. During questioning, the men kept maneuvering so that the defendant stayed near Demarest's firearm and his companion stayed at Demarest's back.

After several minutes of maneuvering, Demarest became concerned for his safety and attempted to frisk the defendant for weapons. When the defendant pulled away, Demarest tried to gain control by hooking his fingers into the defendant's coin-fob pocket, where he felt a "slippery material". As Demarest pulled the defendant toward him, he removed his fingers from the defendant's coin-fob pocket along with a plastic baggie containing white powder. The powder was later found to be cocaine.

Based on this evidence, the State charged the defendant with possession of a controlled substance. The defendant moved to suppress, arguing that the investigatory stop and patdown were unlawful. The trial court denied his motion, based in part on its conclusion that "Officer Demarest was

---

[*] Judge Dale M. Green is serving as a judge pro tempore of the Court of Appeals pursuant to CAR 21(c).

not required to ignore his experience when he felt the slippery material in the [defendant's] pocket" and that "Demarest's retrieval of the plastic baggie was reasonable, based on the officer's experience." The court convicted the defendant as charged. Tzintzun-Jimenez appeals.

On appeal the defendant contends the seizure violated the fourth amendment to the United States Constitution. We agree.[1]

The Fourth Amendment protects against unreasonable searches and seizures. Warrantless searches or seizures are per se unreasonable unless supported by a recognized exception to the warrant requirement. *Thompson v. Louisiana*, 469 U.S. 17, 19-20, 83 L. Ed. 2d 246, 105 S. Ct. 409 (1984) (*per curiam*) (quoting *Katz v. United States*, 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967)); *Mincey v. Arizona*, 437 U.S. 385, 390, 57 L. Ed. 2d 290, 98 S. Ct. 2408 (1978). *See also United States v. Place*, 462 U.S. 696, 701, 77 L. Ed. 2d 110, 103 S. Ct. 2637 (1983). One recognized exception is the "plain view" doctrine, which allows officers to seize evidence without a warrant when it comes into plain view during the course of a lawful search. *Coolidge v. New Hampshire*, 403 U.S. 443, 464-73, 29 L. Ed. 2d 564, 91 S. Ct. 2022, 2037-41 (1971). Courts have applied the "plain view" doctrine to admit evidence discovered by sight during the course of a lawful *Terry* stop and frisk for weapons. *Michigan v. Long*, 463 U.S. 1032, 1049-50, 77 L. Ed. 2d 1201, 103 S. Ct. 3469, 3481 (1983); *see also United States v. Hensley*, 469 U.S. 221, 235-36, 83 L. Ed. 2d 604, 105 S. Ct. 675, 683-84 (1985). Recently, the United States Supreme Court extended the "plain view" doctrine to include the admission of evidence discovered by touch during the course of a lawful *Terry* frisk. *See Minnesota v. Dickerson*, ___ U.S. ___, 124 L. Ed. 2d 334, 113 S. Ct. 2130 (1993).

In *Dickerson*, the arresting officer was conducting a weapons frisk during the course of a valid *Terry* stop when he

---

[1] In light of our conclusion, we need not discuss the defendant's contention that the seizure also violated article 1, section 7 of our state constitution.

felt a lump in Dickerson's jacket pocket, which he suspected to be cocaine. The officer examined the lump "with [his] fingers and it slid and it felt to be a lump of crack cocaine in cellophane." *Dickerson*, 113 S. Ct. at 2133. After removing it from Dickerson's pocket, the officer verified it to be cocaine. *Dickerson*, 113 S. Ct. at 2133-34. The trial court denied Dickerson's motion to suppress, based in part on its conclusion that the seizure was justified under the "plain feel" exception to the warrant requirement. *Dickerson*, 113 S. Ct. at 2134. Dickerson was later convicted and appealed. On appeal, the Minnesota Court of Appeals declined to adopt the "plain feel" exception and reversed. After the Minnesota Supreme Court affirmed, the State sought review by the United States Supreme Court. *Dickerson*, 113 S. Ct. at 2134.

The United States Supreme Court accepted review "to resolve a conflict among the state and federal courts over whether contraband detected through the sense of touch during a patdown search may be admitted into evidence." (Footnote omitted.) *Dickerson*, 113 S. Ct. at 2134. Most courts admit such evidence so long as the seizure meets the requirement of the 3-prong test for admissibility under the "plain view" doctrine. *See Dickerson*, 113 S. Ct. at 2134 n.1.

Some states, such as Minnesota, refuse to recognize a "plain feel" corollary to the "plain view" doctrine. These states appear to bar the seizure of any article other than a weapon found by touch during the course of a weapons frisk. *Dickerson*, 113 S. Ct. at 2134 n.1. These courts share two concerns: (1) the sense of touch is more intrusive of a suspect's privacy rights than is the sense of sight; and (2) the sense of touch is too rudimentary, within the confines of a weapons frisk, to allow an officer to discern the nature of any item other than a weapon. The Supreme Court addressed these two concerns when it adopted the majority view and reversed the Minnesota courts.

■■ In addressing the intrusiveness concern, the Court opined that a "plain feel" exception would not erode privacy rights because it required the prosecution to meet the 3-prong test for admissibility under the "plain view" doctrine.

For evidence to be admissible under the "plain view" doctrine, the prosecution must prove that (1) the officer lawfully occupied the vantage point from which the evidence was discovered, (2) the officer immediately recognized the incriminating character of the object seized, and (3) the officer had a lawful right of access to the object itself. *Dickerson*, 113 S. Ct. at 2137 (citing *Horton v. California*, 496 U.S. 128, 136-37, 110 L. Ed. 2d 112, 110 S. Ct. 2301, 2307-08 (1990); *Texas v. Brown*, 460 U.S. 730, 739, 75 L. Ed. 2d 502, 103 S. Ct. 1535, 1541-42 (1983)). Because the first prong of the test requires the prosecution to prove that the officer viewed the evidence from a lawful vantage point, the prosecution would not be able to introduce evidence found by touch without a preliminary showing that the *Terry* frisk was justified and the officer's touching was limited to a patdown of the suspect's outer clothing which ceased upon determining that the article was not a weapon. *See Dickerson*, 113 S. Ct. at 2139; *Terry v. Ohio*, 392 U.S. 1, 29, 20 L. Ed. 2d 889, 88 S. Ct. 1868, 1884 (1968). A "plain feel" exception would authorize no touching other than that already authorized under *Terry*. *Dickerson*, 113 S. Ct. at 2138; *see also Horton*, at 141.

The Court also dispensed with the minority's concern that the sense of touch is too rudimentary to enable an officer to satisfy the immediate recognition prong of the "plain view" test, noting that *Terry* recognized that the sense of touch could reveal "the nature of an object with sufficient reliability to support a seizure". *Dickerson*, 113 S. Ct. at 2137. According to the Court, "The very premise of *Terry*, after all, is that officers will be able to detect the presence of weapons through the sense of touch . . . .." *Dickerson*, 113 S. Ct. at 2137.

■ The Court did not explain how, or under what circumstances, an officer would be able to recognize an item as contraband by a patdown of the outer clothing. Rather, based on *Terry*, it declined to foreclose the possibility. It noted, however, the requirement that prosecutors satisfy the immediate recognition prong of the test which suggests they will

infrequently "be able to justify seizures of unseen contraband." *Dickerson*, 113 S. Ct. at 2137.

To satisfy the immediate recognition prong of the "plain view" test, prosecutors must prove the officer had probable cause to believe the item was contraband. *Arizona v. Hicks*, 480 U.S. 321, 326, 94 L. Ed. 2d 347, 107 S. Ct. 1149, 1153 (1987). Moreover, probable cause must have been developed within the scope of the search authorized by the underlying exception to the warrant requirement. When *Terry* is the underlying exception, the officer must have developed probable cause to believe the item was contraband while simultaneously determining that the item was not a weapon. *See Dickerson*, 113 S. Ct. at 2138-39.

The practical difficulty of recognizing the nature of an item by a patdown of a suspect's outer clothing became apparent when the Court applied the test to the facts of the case. The *Dickerson* Court affirmed the suppression based on the trial court's finding that the officer developed probable cause to believe the item was contraband only after "squeezing, sliding and otherwise manipulating the contents of the defendant's pocket". *Dickerson*, 113 S. Ct. at 2138.

Turning to the record before us, we are convinced the trial court erred in failing to suppress the evidence. Assuming a valid frisk, and even assuming Demarest lawfully placed his fingers inside the defendant's pocket to facilitate the frisk, the baggie of cocaine must be suppressed because the facts are insufficient to satisfy the immediate recognition prong of the test.

To satisfy the immediate recognition prong, the State must show that, when Demarest felt the slippery substance inside the defendant's pocket, Demarest had probable cause to believe he was touching a baggie of cocaine. Probable cause requires that the facts available to the officer " 'warrant a man of reasonable caution in the belief,' . . . that certain items may be contraband . . .." *Brown*, at 742 (quoting *Carroll v. United States*, 267 U.S. 132, 162, 69 L. Ed. 543, 45 S. Ct. 280, 288, 39 A.L.R. 790 (1925)). Here, the only finding on this

issue is the finding that "Demarest could feel a slippery material in the pocket." There is no finding that Demarest knew by training or experience that a slippery material was likely to be cocaine. The absence of such a finding is fatal.

During oral argument, the State contended Demarest inadvertently pulled the baggie out of the defendant's pocket. The findings do not support this contention nor does the written conclusion that "Officer Demarest was not required to ignore his experience when he felt the slippery material in the pocket."

We reverse.

ALEXANDER and MORGAN, JJ., concur.